IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
|     Plaintiff, | : Case No. 1:09-cr-082 |
| v. | : Judge Susan J. Dlott |
| TERRANCE SMILEY, | : **ORDER** |
|     Defendant. | : |

This matter is before the Court on Defendant's *pro se* requests for reconsideration of the Court's denial of his Motion for Compassionate Release. (Docs. 102, 103.) The Government opposes the request. (Doc. 105.) For the reasons set forth below, Defendant's Motions will be **DENIED**.

The Court denied Defendant's request for compassionate release on December 9, 2020. (Doc. 101.) In support of reconsideration of that decision, Defendant raises a new argument that his federal sentence was incorrectly calculated. Defendant was sentenced to 180 months of imprisonment, which was to run concurrent to the sentence imposed in Butler County, Ohio Common Pleas Court in Case Number CR2008-07-1329. With assistance from the Court's Probation Department, the Court understands that Defendant's sentence was calculated by the Bureau of Prisons in accordance with polices set forth in 18 U.S.C. §§ 3585(b)(1) and (b)(2) and prior custody credits as defined in P.S. 5880.28 of the Sentence Computation Manual (CCCA of 1984).

Under 18 U.S.C. § 3585, "Calculation of a term of imprisonment," credit for prior custody is calculated as follows:

> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> **(1)** as a result of the offense for which the sentence was imposed; or
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b)(1)–(b)(2). Under P.S. 5880.28, qualified state presentence credit is defined as time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that the first sentence, federal or non-federal, begins to run. According to P.S. 5880.28, "In no case can a federal sentence of imprisonment commence earlier than the date on which it was imposed."

The Court understands that Defendant's sentence in his state case was imposed on May 26, 2009, at which time Defendant's prior state custody credits ceased.[1] Therefore, the Bureau of Prisons applied nineteen days of concurrent credit from May 7, 2009 until May 25, 2009, because those days fell after Defendant's federal offense date of May 1, 2009.

Otherwise, Defendant raises the fact that he previously tested positive for COVID-19, his medical conditions, and his efforts at rehabilitation as bases for reconsideration. The fact that Defendant contracted COVID-19 does not support reconsideration, as the risk of serious illness from the disease was the basis for his original motion and no is no longer an issue. Further, while the Court commends the Defendant on rehabilitation efforts and hopes he continues in a positive trajectory, they are not grounds for reconsideration.

The Government argues the Court properly denied the Defendant's request for compassionate release and nothing he has submitted should alter that decision. The Court agrees

---

[1] The Court did not independently verify the calculations and information that have been shared by the Probation Department and/or the Bureau of Prisons. The Court's intent is to provide more information to the Defendant as to how concurrent sentences are calculated by the Bureau of Prisons.

2

with the Government. Defendant has not raised any issues that merit reconsideration of the Court's denial of request his compassionate release.

For the reasons set forth herein, Defendants' Motions (Docs. 102, 103) are **DENIED**.

**IT IS SO ORDERED.**

_____
Judge Susan J. Dlott
United States District Court