# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 1:09-cr-082
                                  Also Case No. 1:21-cv-459

                                    District Judge Susan J. Dlott
- vs -                              Magistrate Judge Michael R. Merz

TERRANCE SMILEY,

        Defendant.    :

## REPORT AND RECOMMENDATIONS

This criminal case is before the Court on Defendant's Motion "to Add to 2255 Case 1:18-cv-01155 Do [sic] to Reasons Stated Below" (ECF No. 112). The case to which Defendant refers was Case No. 1:18-cv-01155 on the docket of The Honorable David A. Faber of the United States District Court for the Southern District of West Virginia at Bluefield. Defendant filed in that Court A habeas corpus petition under 28 U.S.C. § 2241.

On April 14, 2021, Magistrate Judge Dwayne Tinsley of the West Virginia court recommended that Smiley's Petition be denied but that his "claim concerning the application of U.S.S.G. § 5G1.3(b) as addressed in ECF Nos. 15 and 18 under 28 U.S.C. § 2255" be transferred to this Court. District Judge Faber adopted that recommendation and transferred the § 2255 claim to this Court on July 9, 2021 (ECF No. 21). When received by this Court, the case was re-

numbered 1:21-cv-459 which has now been consolidated with the above-numbered criminal case (Consolidation Order, ECF No. 114).

The transferred § 2255 Motion is before this Court for initial screening under Rule 4 of the Rules Governing § 2255 Proceedings.

Defendant Smiley was indicted in this Court on June 17, 2009, charged in nine counts with various federal drug trafficking offenses (Indictment, ECF No. 2). On August 27, 2010, he entered into a Plea Agreement with the United States in which he agreed to plead guilty to Count One which charges him with conspiring to possess with intent to distribute fifty grams or more of cocaine base (crack cocaine) and 500 grams or more of cocaine (ECF No. 45, ¶ 1). The plea was to be pursuant to Fed. R. Crim. P. 11(c)(1)(C) with an agreed sentence of 180 months. *Id.* at ¶ 3. In the Plea Agreement Smiley agreed to waive his right to appeal unless the sentence exceeded the statutory maximum and "not to contest the sentence in any post conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255." *Id.* at ¶ 16.

On June 2, 2011, Smiley appeared before Chief Judge Dlott and was sentenced as agreed to 180 months imprisonment (Minutes, ECF No. 77; Judgment, ECF No. 78). Nothing further happened in the Ohio case until Magistrate Judge Litkovitz appointed Smiley counsel under the First Step Act in 2019 (ECF No. 90) and then in 2020 for a compassionate release motion (ECF No. 94).[1]

Smiley filed his Petition under 28 U.S.C. § 2241 in West Virginia on July 18, 2018 (ECF No. 1 in Case No. 1:21-cv-459; hereinafter the "§ 2241 Case"). That was the proper venue for an action under § 2241 because Smiley was confined at FCI McDowell. *Id.* at PageID 4.[2] In

---

[1] Smiley has appealed to the Sixth Circuit from denial of his Motion for Compassionate Release (ECF No. 108; docketed in the 6th Circuit under Case No. 21-3358 (ECF No. 110). Because compassionate release is a collateral matter, the pendency of that appeal does not deprive this Court of jurisdiction to consider Smiley's § 2255 Motion.
[2] At sometime after filing, Smiley was transferred to Fort Dix.

recommending a disposition of Smiley's petition, Magistrate Judge Tinsley noted that Smiley had added a claim

> that the Ohio federal court should have applied U.S.S.G. § 5G1.3(b) at his sentencing, thereby adjusting his federal sentence to account for the period of imprisonment he had already served in state custody (although it is unclear to the undersigned whether his state and federal convictions arose out of the same criminal conduct and, thus, whether § 5G1.3(b) is even applicable to his case). Thus, his replies request to be resentenced in accordance with § 5G1.3(b). (ECF No. 15 at 3; ECF No. 18).

(Proposed Findings, § 2241 Case, ECF No. 19, PageID 135). Because in this added claim Smiley was challenging the validity of his sentence, rather than its manner of execution, the West Virginia court had no jurisdiction to consider that claim under § 2241. *Id.* Rather the claim was required to be transferred to this Court for consideration under 28 U.S.C. § 2255. *Id.* at PageID 136. Smiley made no objection to these Proposed Findings and in particular to re-characterization of his Sentencing Guidelines claim as a § 2255 motion. District Judge Faber therefore adopted the Proposed Findings and transferred the Sentencing Guidelines claim to this Court as a § 2255 motion (§ 2241 Case, ECF Nos. 20 and 21).

Rule 4(b) of the Rules Governing § 2255 Proceedings provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

Having considered the § 2255 motion, the Magistrate Judge recommends it be dismissed with prejudice for two reasons:

3

First of all, as noted above Smiley expressly waived his right to collaterally attack the sentence, including by filing under 28 U.S.C. §2255 (ECF No. 45, ¶ 16). A defendant who has knowingly, intelligently, and voluntarily agreed not to contest his sentence in any post-conviction proceeding has waived the right to file a § 2255 motion. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). The enforceability of a waiver of appeal stands or falls with the validity of the plea agreement as a whole. *United States v. Ataya*, 869 F.3d 401, 402 (6th Cir. 2017). Smiley has never contested the validity of the Plea Agreement or his plea of guilty pursuant to that Agreement. He has therefore waived the right to have his Sentencing Guidelines claim considered under § 2255.

Second, even if Smiley had not waived his right to file a § 2255 motion, it is barred by the statute of limitations. 28 U.S.C. § 2255(f) provides:

> A one-year statute of limitations shall apply to a motion under this section. The limitations period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The judgment of conviction in this case became final on June 24, 2011, fourteen days after judgment was entered. Fed. R. App. P. 4(b)(1)(A)(i). Smiley did not make his Sentencing

Guidelines claim in the § 2241 Case until August 6, 2019 (§ 2241 Case, ECF No. 15). Thus Smiley's filing is more than eight years late and is barred by the statute of limitations.[3]

**Conclusion**

In accordance with the foregoing analysis, the Magistrate Judge respectfully recommends that this action be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

August 4, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

---

[3] In recommending transfer, Magistrate Judge Tinsley expressly made no finding about timeliness. This was entirely appropriate since his court did not have jurisdiction over the § 2255 claims.